IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGIA WHITSON, et al. | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.  07-2832 |
| | : | |
| Defendants. | : | |

MEMORANDUM

BUCKWALTER S. J.                                                                                                         October 27, 2008

       Currently pending before the Court is the Motion of Defendant City of Philadelphia for Partial Judgment on the Pleadings.  For the reasons set forth below, the Motion is granted in its entirety.

**I.   FACTS AND PROCEDURAL HISTORY**[1]

       At approximately 11:00 p.m. on August 30, 2006, the decedent, Alexis Demetrovits, was driving a Chevy pickup truck owned by his employer, Kingkiner Tree Service, and was accompanied by a long-time friend.  (Compl. ¶¶ 51-52, 54.)  Operating with a suspended driver's license, Demetrovits ran a stop sign while turning onto Westmoreland Street in Philadelphia, Pennsylvania.  (Id. ¶¶ 50, 58.)  At that time, Defendant Officers Michael Durkin and Richard Praul, who were assigned to the 39th Police District that evening, turned their police lights on and pulled behind the Kingkiner Tree Service pickup truck.  (Id. ¶ 59.)  When Demetrovits attempted to outrun

---

[1] The facts are drawn entirely from Plaintiffs' Complaint.

the police car, Officers Durkin and Praul accelerated and cut in front of the pickup truck in order to bring it to a halt.  (Id. ¶¶ 60-61.)

Thereafter, the two officers exited the police cruiser with their guns drawn.  (Id. ¶ 62.)  Demetrovits put the pickup truck in reverse, and either Officer Durkin or Officer Praul fired a shot.  (Id. at ¶ 63-64.)  The shot penetrated the cab of the pickup truck and lodged inside it.  (Id. ¶ 65.)  When Demetrovis put the pickup in drive and began to drive around the police cruiser, one of the Defendant Officers fired a second shot.  (Id. ¶ 66-67.)

A police pursuit ensued as Demetrovits proceeded northwest on Westmoreland Street and turned north onto Fox Street.  (Id. ¶ 68.)  Other police cars, as well as a police helicopter, joined the pursuit.  (Id. ¶ 69.)  Ultimately, Demetrovits stopped the pickup between Roberts Avenue and Abbottsford Avenue, and Officers Durkin and Praul pulled alongside the truck.  (Id. ¶¶ 70-71.)  One of the officers used a microphone and ordered Demetrovits to turn off the pickup truck and raise his hands.  (Id. ¶ 72.)  Thereafter, either Officer Durkin or Officer Praul fired a shot from their police car, striking Demetrovits in the chest.  (Id. ¶ 73-74.)

Demetrovits was taken to Temple University Hospital, but the Philadelphia Police Department did not immediately notify his family.  (Id. ¶¶ 77, 79.)  Demetrovits remained at Temple University Hospital from August 30, 2006, to September 29, 2006, during which time the Philadelphia Police Department allegedly interfered with his medical care and with the visitation rights of his family.  (Id. ¶¶ 80-81.)  On September 29, 2006, Demetrovits died as a result of the gun shot wound.  (Id. ¶ 84.)  His body was promptly transferred from the hospital to the Medical Examiner's Office of the City of Philadelphia.  (Id. ¶ 86.)  According to the Complaint, the Medical Examiner's Office negligently abused the corpse by failing to properly maintain it.  (Id. ¶ 88.)  His

remains were not released to his family until October 3, 2006, and, as a result of the negligent abuse inflicted upon the corpse, his family was unable to have an open casket viewing during the funeral proceeding. (Id. ¶¶ 89-90.)

On July 10, 2007, Plaintiff Georgia Whitson, as Administratrix of the Estate of Alexis Demetrovits and as designated guardian of Demetrovits's minor son J.G.D, and Plaintiff Aislin Schellinger, as parent-guardian of Demetrovits's minor daughter A.G.D., brought this action against Defendants City of Philadelphia, Officer Michael Durkin, Officer Richard Praul, Police Commissioner Sylvester M. Johnson, and the City of Philadelphia Medical Examiner's Office. The Complaint raises five Causes of Action. The First Cause of Action alleges failure to adequately train and supervise, under 42 U.S.C. § 1983, against Defendants City of Philadelphia and Police Commissioner Sylvester M. Johnson. (Id. ¶¶ 96-111.) The Second Cause of Action asserts improper use of excessive and deadly force, under 42 U.S.C. § 1983, against Officers Durkin and Praul. (Id. ¶¶ 112-116.) Causes of Action Three and Four put forth a wrongful death claim, under 42 Pa. Const. Stat. § 8301, *et seq.*, and a survival claim, under 20 Pa. Cons. Stat. § 3373, *et seq.*, against all Defendants. (Id. ¶¶ 117-125.) Finally, the Fifth Cause of Action alleges abuse of corpse against the City of Philadelphia and the Philadelphia Medical Examiner's Office.

The action was stayed on October 18, 2007, and again on December 18, 2007, pending completion of an investigation by the Philadelphia Police Department's Internal Affairs Division and the District Attorney's Office. On May 23, 2008, the Defendants filed an Answer and Affirmative Defenses to the Complaint. Defendant City of Philadelphia filed the current Motion for Judgment on the Pleadings on September 3, 2008.[2]

---

[2] As noted by Defendant City of Philadelphia, Plaintiffs named the Philadelphia Medical Examiner's Office as a defendant. The Medical Examiner's Office, however, is not a separate

## II. STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Judgment under Rule 12(c) will only be granted where, viewing all facts and reasonable inferences in the light most favorable to the non-moving party, the moving party has clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988). When considering such a motion, the court must "accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The court will not, however, accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).[3]

## III. DISCUSSION

In its Motion for Partial Judgment on the Pleadings, Defendant City of Philadelphia seeks dismissal of the Third Cause of Action (wrongful death), the Fourth Cause of Action (survival) and the Fifth Cause of Action (negligent abuse of corpse). Plaintiffs do not oppose the

---

legal entity from the City of Philadelphia and, therefore, cannot be directly sued. See Daniel v. City of Philadelphia, Civ. A. No. 88-6849, 1989 WL 45752, at *1 (E.D. Pa. May 1, 1989). ("Under 53 P.S. § 16257, . . . all actions by and against the various departments of the City of Philadelphia must be brought in the name of the City of Philadelphia."). Consequently, the Medical Examiner's Office is dismissed as a separate Defendant in this action.

[3] Some of the cited cases refer to Rule 12(b)(6) motions. The difference between Rules 12(b)(6) and 12(c) is purely procedural and there is "no material difference in the applicable legal standards." Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

City's motion with respect to the wrongful death and survival claims, based on a non-waiver of sovereign immunity under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8541, *et seq.* ("PSTCA").  Accordingly, the Court grants this portion of the Motion.[4] Plaintiffs, however, argue that their negligent abuse of corpse claim is permitted under section 8542 of the PSTCA.  The Court focuses on this latter claim.

The City of Philadelphia is a local agency within the meaning of the PSTCA. Weinerman v. City of Philadelphia, 785 F. Supp. 1174, 1178 (E.D. Pa. 1992) (citing Walsh v. City, 585 A.2d 445, 450 (Pa. 1991)).  Under this Act, "[e]xcept as otherwise provided . . . no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person."  42 PA. CONS. STAT. § 8541.  This immunity, however, is subject to certain exceptions set forth in section 8542:

> a) Liability imposed. – A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
>> (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
>>
>> (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or

---

[4] Plaintiffs' wrongful death and survival claims remain pending against former Police Commissioner Sylvester M. Johnson and Police Officers Durkin and Praul.

>
> conduct which constitutes a crime, actual fraud, actual
> malice or willful misconduct.
>
> (b) Acts which may impose liability. – The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
>> (1) Vehicle liability. . . .
>> (2) Care, custody or control of personal property. . . .
>> (3) Real property. . . .
>> (4) Trees, traffic controls and street lighting. . . .
>> (5) Utility service facilities. . . .
>> (6) Streets. . . .
>> (7) Sidewalks. . . .
>> (8) Care, custody or control of animals. . . .

Id. § 8542.

Relying on section 8542, Defendant City of Philadelphia sets forth two grounds on which it disclaims liability for Plaintiffs' negligent abuse of corpse claim. First, it asserts that Pennsylvania does not recognize a cause of action for negligent abuse of corpse, as is required by section 8542(a)(1). Second, it contends that, even if such a claim were cognizable under Pennsylvania law, it does not fall within any of the exceptions to immunity listed in section 8542(b). The Court addresses each argument individually.

### A. Whether Negligent Abuse of Corpse is a Recognized Cause of Action in Pennsylvania

In Papieves v. Kelly, 263 A.2d 118 (Pa. 1970), the Pennsylvania Supreme Court expressly recognized a cause of action for intentional infliction of emotional distress resulting from the mistreatment of a corpse. Id. at 121. The claim was brought by the parents of a fourteen year old boy, who had been fatally injured when struck by an automobile. Id. at 119. The parents sued the driver, and a friend of the driver, for intentionally concealing the dead boy's body after the accident by burying it in a shallow grave. Id. Although the complaint was originally dismissed on

the basis that damages for infliction of emotional distress were not recoverable under such circumstances, the Supreme Court held the dismissal to be error, expressly adopting section 868 of the Restatement of Torts, which states:

> A person who wantonly mistreats the body of a dead person or who without privilege intentionally removes, withholds or operates upon the dead body is liable to the member of the family of such person who is entitled to the disposition of the body.

Id. at 119-120 n.2 (quoting RESTATEMENT OF TORTS § 868 (1939)).  The court explicitly emphasized, however, that recovery was not available for *negligent* infliction of emotional distress under the same circumstances.  Id. at 122.

Following the ruling in Papieves, the Restatement (Second) of Torts revised Section 868 to include the negligent mistreatment of a corpse as an actionable claim, as follows:

> One who intentionally, recklessly or negligently removes, withholds, mutilates or operates upon the body of a dead person or prevents its proper interment or cremation is subject to liability to a member of the family of the deceased who is entitled to the disposition of the body.

RESTATEMENT (SECOND) TORTS § 868 (1977).  Thereafter, in Hackett v. United Airlines, 528 A.2d 971 (Pa. Super. 1987), appeal denied, 544 A.2d 961 (Pa. 1988), the Pennsylvania Superior Court confronted the issue of whether, in light of the change in the Restatement, Pennsylvania common law should be extended to recognize a claim for negligent mistreatment of a corpse.  The Superior Court declined to do so, holding:

> We reiterate today our position that the extension in the law sought by appellant properly lies with the Supreme Court.  Case law to date has only permitted recovery for negligent infliction of distress . . . where the claimant has actually witnessed the negligent infliction of harm. Until such time that the Supreme Court chooses to extend recovery as now requested by appellant, we are constrained from extending recovery under the facts *sub judice*.

Id. at 975.

Similarly, in Kearney v. City of Philadelphia, 616 A.2d 72 (Pa. Commw. 1992), appeal denied, 626 A.2d 1160 (Pa. 1993), the Pennsylvania Commonwealth Court refused to extend Papieves.  The court reasoned that "only our Supreme Court could in essence overrule its own decision in Papieves and state now that Restatement (Second) of Torts § 868 is the law of Pennsylvania, rather than Restatement of Torts § 868." Id. at 74; see also Doris Jackson, in Her Own Right and as Administratrix of the Estate of Thomas Seaborn, Deceased v. City of Phila. and Hosp. of the Univ. Of Pa., 26 Phila. Co. Rptr. 545, 551-52 (Pa. Com. Pl. 1993) (declining to extend Papieves to include negligent abuse of a corpse as a recognized cause of action in Pennsylvania).

In this case, Plaintiffs reason that Papieves implicitly authorizes use of the Restatement (Second) of Torts § 868, even though this section was not revised until seven years after the decision.  In support of this argument, they cite to a case from the Court of Common Pleas of Mercer County, Pennsylvania, where plaintiffs asserted intentional interference with a dead body and intentional infliction of emotional distress.  Moffatt v. Baird Funeral Home, Inc., 69 Pa. D. & C. 4th 532, 536-37 (Mercer Cty. Pa. Com. Pl. 2004).  Via a footnote, the court conjectured that "despite the assurances of the Hackett court that Pennsylvania does not recognize a cause of action where interference with a dead body was merely negligent, this court believes that such a cause of action . . . should be permitted, at least where 'the plaintiff was closely related to the victim.'" Id. at 538 n.3. The court further noted that it was "curious that the Superior Court did not recognize the broadened language of section 868 of the Restatement (Second) of Torts." Id.

This citation is unconvincing.  "In adjudicating a case under state law, [a federal court is] not free to impose [its] own view of what state law should be; rather, [it is] to apply

existing state law as interpreted by the state's highest court in an effort to predict how that court would decide the precise legal issues before [it]."  Koppers Co., Inc. v. Aetna Cas. and Sur. Co., 98 F.3d 1440, 1445 (3d Cir. 1996).  Absent guidance from the state's highest court, the federal court must "look to decisions of state intermediate appellate courts, of federal courts interpreting that state's law, and of other state supreme courts that have addressed the issue."  Id.

The Pennsylvania Supreme Court has been clear:  Pennsylvania does not recognize a cause of action for negligent abuse of a corpse.  Pennsylvania's intermediate appellate courts have twice affirmed that conclusion and, on both occasions, the state Supreme Court denied appeals from the decisions.  A decision from a state trial court, speaking only in *dicta*, does not permit this Court to deviate from the express mandates of Pennsylvania's highest court.  Accordingly, we find that Pennsylvania law does not permit Plaintiffs' negligent abuse of corpse claim to proceed.

### B. Whether Negligent Abuse of a Corpse Would Be Recoverable Under Any of the Enumerated Exception Set Forth in Section 8542(b)

Even assuming *arguendo* that this Court were to deem negligent abuse of a corpse to be a recognized cause of action in Pennsylvania, Defendant contends that such a claim does not fall within the enumerated exceptions under section 8542(b).  Plaintiffs respond that imposition of liability, under section 8542(b), is permitted against the City based on the Medical Examiner's Office's negligent care, custody, or control of the decedent's body.

Section 8542(b)(2) of the PSTCA provides that liability may be imposed on a local agency from "[t]he care, custody or control of personal property of others in the possession of the local agency."  42 PA. CONS. STAT. § 8542(b)(2).  Although neither the Pennsylvania Supreme Court nor the Pennsylvania intermediary courts have definitively opined on whether an abuse of

corpse claim would fall into this exception,[5] multiple trial courts in Pennsylvania have recognized that next of kin have special "quasi property" rights in a decedent's remains arising out of their duty to bury the dead.  See Geiges v. Rosko, 49 Pa. D. & C.3d 61, 65-66 (Bucks Cty. Pa. Com. Pl. 1987) (citing Leschey v. Leschey, 97 A.2d 784 (Pa. 1953); Ronick v. Lynn, 23 Pa. D. & C.3d 456 (Wash. Cty. Pa. Com. Pl. 1982); Stevens v. Ganz, 49 D.& C.2d 283 (1970); Petition of Kopechne, 47 Pa. D. & C.2d 579 (Luz. Cty. Pa. Com. Pl. 1969); Miller v. New Holland Cemetery Assoc., 14 D. & C.2d 735 (York Cty. Pa. Com. Pl. 1958)); see also Buel v. Mirchandani, 16 Pa. D. & C.4th, 129, 133-34 (Phila. Cty. Pa. Com. Pl. 1992) (holding that a decedent's family has personal property rights in the decedent's remains for purposes of 42 Pa. Cons. Stat. § 8542(b)(2)).

 Given the unsettled law in Pennsylvania, this Court declines to predict whether the Pennsylvania Supreme Court would find that a corpse is the "personal property" of the decedent's next of kin for purposes of 42 Pa. Cons. Stat. § 8542(b)(2).  Rather, we defer to the reasoning of the Pennsylvania Commonwealth Court, which found that, in a case alleging negligent abuse of a corpse, resolution of this issue is irrelevant.  Kearney v. City of Phila., 616 A.2d 72, 75 (Pa. Commw. 1992).  In Kearney, the court remarked that section 8542(b)(2) allows recovery against a municipal authority for damages consisting of only "those property losses suffered with respect to the personal property in the possession or control of the local agency."  Id. (quoting 42 PA. CONS. STAT. § 8542(b)(2)).  Plaintiffs' Complaint, in this case, does not seek property losses caused by the alleged negligent abuse of corpse; rather it avers that, "[a]s a result of the negligent abuse inflicted

---

[5] The Pennsylvania Supreme Court has held that, "[b]ecause of the clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed."  Lockwood v. City of Pittsburgh, 751 A.2d 1136, 1139 (Pa. 2000) (citation omitted); see also Vargo ex rel. Vargo v. Plum Borough, Civ. A. No. 06-1574, 2007 WL 1459403, at *5 (W.D. Pa. May 15, 2007) (noting that the exceptions to the PSTCA should be narrowly interpreted).

upon the corpse of Mr. Demetrovits, his family was unable to have an open casket viewing during his funeral proceeding." (Compl. ¶ 131.) "Thus, regardless of whether this Court recognizes that the body of the decedent was [Plaintiffs'] personal property, [their] claim would still fail to qualify as a cause of action under Section 8542(b) since [they are] alleging that the City's actions caused personal injuries [to them] rather than property loss."[6] Kearney, 616 A.2d at 75. As governmental immunity protects the City of Philadelphia from any such liability, the Court dismisses the Fifth Cause of Action on this ground as well.

## IV.  CONCLUSION

For all of the foregoing reasons, the Third, Fourth and Fifth Causes of Action in Plaintiffs' Complaint fail to state a claim upon which relief can be granted against Defendant City of Philadelphia. Further, the Court dismisses the Complaint against the Philadelphia Medical Examiner's Office. An appropriate order follows.

---

[6] Notably, in recognizing a cause of action for intentional abuse of a corpse, the Pennsylvania Supreme Court took particular note of comments A and B to the Restatement, which indicated, in part, that "[t]he cause of action is primarily for mental suffering caused by the improper dealing with the body. It includes also the right to recover damages for physical harm resulting from such mental suffering." Papieves v. Kelly, 263 A.3d 118, 120 (Pa. 1970) (quoting RESTATEMENT OF TORTS § 868, cmts A and B).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGIA WHITSON, et al. | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO.  07-2832 |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this *27th* day of *October*, 2008, upon consideration of Defendant City of Philadelphia's Motion for Partial Judgment on the Pleadings (Doc. No. 16), the Response of Plaintiffs Georgia Whitson, individually, as Administratrix of the Estate of Alexis Demetrovits, and as the Guardian of J.G.D., a minor child, and Aislin Schellinger, as the parent-guardian of A.G.D., a minor child (Doc. No. 17), and the City of Philadelphia's Reply Brief (Doc. No. 18), it is hereby **ORDERED** that the Motion is **GRANTED**, as follows:

1. All claims against Defendant Philadelphia Medical Examiner's Office are **DISMISSED** and

2. Plaintiffs' Third, Fourth and Fifth Causes of Action are **DISMISSED WITH PREJUDICE** as against Defendant City of Philadelphia.

BY THE COURT:


*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.